IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GILLIAN CAMER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00139-JB-B |
| | * |
| COVERAGEX LLC, | * |
| | * |
| Defendant. | * |

### ORDER

This action is before the Court on Plaintiff Gillian Camer's motion to commence discovery to avoid the destruction of records that identify putative class members (Doc. 10). The motion has been referred to the undersigned Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636(b)(1). Upon consideration, the Court finds that the motion is due to be **GRANTED**.

I.    BACKGROUND

Plaintiff Gillian Camer ("Plaintiff") has filed a putative class action against Defendant CoverageX LLC ("Defendant"), in which she alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (Doc. 1). Plaintiff's class action complaint alleges that Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) by delivering or causing to be delivered more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the

National Do-Not-Call Registry without prior express invitation or permission required by the TCPA. (Id. at 1). Plaintiff seeks statutory damages of $500 per violation, treble damages per willful violation, and attorneys' fees and costs. (Id. at 8-9). Plaintiff has proposed a class of:

> All persons throughout the United States (1) who did not provide their telephone number to COVERAGEX, LLC, (2) to whom COVERAGEX, LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting COVERAGEX, LLC goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before COVERAGEX, LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

(Id. at 5-6).

On July 15, 2025, Plaintiff secured a Clerk's default against Defendant after Defendant failed to have counsel enter an appearance on its behalf or respond to Plaintiff's complaint. (Doc. 9).

**II.  DISCUSSION**

Presently before the Court is Plaintiff's motion for leave to commence discovery (Doc. 10). Prior to entry of a default judgment, Plaintiff seeks leave to conduct discovery as needed to identify putative class members, seek class certification, and ultimately seek a classwide judgment. (Id.). Plaintiff believes there are at least hundreds of members in the potential class she

2

wishes to certify (Doc. 1 at 6), but Plaintiff states that she needs calling records that are within the possession of Defendant and likely third-party service providers in order to identify putative class members. (Doc. 10 at 1-2). Plaintiff asserts that without a court order allowing her to commence discovery in the normal course, including discovery that could identify putative class members, such pertinent information may be destroyed in the regular course of business, and a class may never be able to be ascertained. (Id. at 4-5).

Generally, a party may not seek discovery until the parties in a case have met and conferred as required by Federal Rule of Civil Procedure 26(f). See Fed. R. Civ. P. 26(d)(1). However, a party may conduct discovery prior to this stage when authorized to do so by court order. See id. A court has broad discretion under Rule 26 to supervise, compel, and deny discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011).

A plaintiff seeking to certify a class must establish the prerequisites set forth in Federal Rule of Civil Procedure 23: (1) the class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact to all class members; (3) the claims or defenses of the class representative are typical of the class; and (4) the class representative will fairly and adequately protect the interests of

3

the class. Fed. R. Civ. P. 23(a). "The prerequisites for class certification must be satisfied notwithstanding a defendant's failure to appear and defend an action." Eder v. Aspen Home Improvements Inc., 2020 U.S. Dist. LEXIS 183768, at *3, 2020 WL 6870851, at *1 (M.D. Fla. Oct. 2, 2020); see Leo v. Classmoney.net, 2019 U.S. Dist. LEXIS 230923, at *3-4, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) ("A court may only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met. . . . Plaintiff's burden to establish these requirements is not eliminated due to the fact that the defendant in this case is in default.").

Courts have recognized that it "would be unjust to prevent [a plaintiff] from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [the defendant's] failure to participate in the case." See, e.g., Eder, 2020 U.S. Dist. LEXIS 183768, at *3, 2020 WL 6870851, at *2; Leo, 2019 U.S. Dist. LEXIS 230923, at *4, 2019 WL 238548, at *2. Therefore, where default has been entered against the defendant "but discovery is necessary to resolve issues such as class certification and damages, courts routinely permit the plaintiff to conduct limited discovery." Cleveland v. Nextmarvel, Inc., 2024 U.S. Dist. LEXIS 9679, at *11, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024); see, e.g., Eder, 2020 U.S. Dist. LEXIS 183768, at

4

*3-4, 2020 WL 6870851, at *2; Leo, 2019 U.S. Dist. LEXIS 230923, at *4-5, 2019 WL 238548, at *2; Turner v. Coyote's on the Boulevard, Inc., 2009 WL 10667068, at *1–2 (S.D. Fla. June 12, 2009); Ownby v. United 1st Lending, LLC, 2025 U.S. Dist. LEXIS 5730, at *4, 2025 WL 81344, at *2 (M.D. Fla. Jan. 13, 2025).  The undersigned agrees with the reasoning of these other courts and will therefore grant Plaintiff's motion.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to commence discovery to avoid the destruction of records that identify putative class members (Doc. 10) is **GRANTED.**  Discovery pertaining to class certification shall commence immediately and shall be completed no later than **November 21, 2025.**  Any motion for class certification shall be filed on or before **December 19, 2025.**

**DONE** this **24th** day of **July, 2025.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**
